UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TOBY WAYNE MATT<br>D.O.C. # 326482 | : | DOCKET NO. 15-cv-2616 |
| VERSUS | : | JUDGE MINALDI |
| KEITH DEVILLE | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Toby Wayne Matt ("Matt"). Matt is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Beauregard Parish Transitional Work Program in Dequincy, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.
#### BACKGROUND

Matt pleaded guilty in the Thirty-Eighth Judicial District Court in Cameron Parish, Louisiana, to vehicular homicide. Doc. 1, p. 1. On July 28, 2011, he was sentenced to twenty years of incarceration. *See State v. Matt*, 91 So.3d 1252, 1253 (La. Ct. App. 3rd Cir. 2012). The court also levied a $7500.00 fine and ordered that, in lieu of payment, he could serve an additional two years in jail. *Id.* Matt appealed his conviction to the Louisiana Third Circuit Court of Appeal. *Id.*

On June 6, 2012, the Third Circuit amended his sentence to remove the two year "default jail time provision" but otherwise affirmed the conviction and sentence. *Id.* at 1258. Matt did not seek review in the Louisiana Supreme Court. Doc. 1, p. 2.

Matt filed an application for post-conviction relief ("PCR") in the trial court in May 2014. The trial court denied any relief on December 4, 2014. Doc. 1, att. 2, pp. 151, 183–184. He sought review in the Third Circuit, which was denied. *Id*. at 180–207, 212. He then filed an application for supervisory and/or remedial writs in the Louisiana Supreme Court, which denied same on October 9, 2015. *State v. Matt*, 177 So.3d 323 (La. 2015).

On October 27, 2015, Matt filed the instant application for writ of *habeas corpus* with this court, raising several constitutional claims. Doc. 1. As relief for the above he asks this court to set aside his conviction and sentence. *Id.* at 15.

## II.
### LAW AND ANALYSIS

#### A. *Timeliness under § 2244(d)(1)(A)*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief ("PCR") is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The

limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Mayle v. Felix*, 545 U.S. 644, 644 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

For purposes of 28 U.S.C. § 2244(d)(1)(A), Matt's judgment of conviction became final on July 6, 2012, thirty days after the Third Circuit ruled on his appeal. Louisiana Supreme Court Rule X § 5(a). He had one year, or until July 6, 2013, to file his federal *habeas corpus* suit. This time limit was tolled while his application for post-conviction relief was pending, from May 2014 until October 9, 2015. However, by the time he filed this application, the one-year time limit for filing a federal habeas application had already elapsed. The application was thus untimely.

### B. *Equitable Tolling*

The Fifth Circuit has held that the one-year statute of limitations for seeking habeas relief can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "To be entitled to equitable tolling, [the

petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007).

Matt has not alleged that he was actively misled nor has he alleged that he was prevented in some extraordinary way from asserting his rights. Therefore equitable tolling does not apply and the petition remains time-barred.

### III.
#### CONCLUSION

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because Matt's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d)(1)(A).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).** Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 27th day of April, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE